UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES M. COBB,

       Plaintiff,                    Case No.  04-74400

v.                                   District Judge Avern Cohn
                                         Magistrate Judge R. Steven Whalen

CORRECTIONAL MEDICAL
SERVICES (CMS), DEPARTMENT
OF CORRECTIONS (MDOC), et al.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

On November 22, 2004, Plaintiff Charles Cobb, a prison inmate in the custody of the Michigan Department of Corrections (MDOC), filed a *pro se* civil rights complaint under 42 U.S.C. §1983. Before the Court at this time are four dispositive motions that have been referred for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B):

(1) Defendant Correctional Medical Service's (CMS) Motion to Dismiss for failure to exhaust administrative remedies [Docket #12];  (2) Defendant MDOC's Motion to Dismiss [Docket #14]; (3) CMS's Motion to Dismiss for Failure to Prosecute [Docket #19]; and (4) MDOC's Motion to Dismiss for Failure to Prosecute [Docket #20].  For the reasons that follow, I recommend that CMS's Motion to Dismiss [Docket #12] be GRANTED pursuant

-1-

to 42 U.S.C. §1997e(a); that MDOC's Motion to Dismiss [Docket #14] be GRANTED; and that CMS's and MDOC's Motions to Dismiss for Failure to Prosecute [Docket #s 19 and 20] be DISMISSED AS MOOT.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff's complaint centers around the alleged inadequacy of medical care and deliberate indifference to his medical needs at the prison.[1]  Specifically, he names the following Defendants in the following counts:

Count I: Eighth Amendment Deliberate Indifference

Plaintiff names Defendants John Voulgaris and Bency Mathai, both doctors.[2] Plaintiff alleges a denial of reconstructive foot surgery and special orthopedic shoes.  In this section of the complaint, Plaintiff also states that "defendants CMS / MDOC's Policy, Practice, Custom and usage directly caused or was the moving force behind" the denial of his constitutional rights.  *Complaint*, ¶23.

Count II: Americans with Disabilities Act

This Count also involves denial of corrective medical care for Plaintiff's feet, as well as an allegation that he was denied such treatment in part because he is HIV-positive. *Id.*, ¶32. Plaintiff names Defendants Voulgaris, Mathai, CMS and MDOC.

---

[1] Plaintiff has since been paroled, and is no longer in the physical custody of the MDOC.

[2] Neither Voulgaris nor Mathai have been served with a summons and complaint.

Count III: Federal Rehabilitation Act

Incorporating the previous counts, Plaintiff names Defendants Voulgaris, Mathai, CMS and MDOC.

Count IV: Retaliation

Plaintiff claims that Defendants CMS, MDOC and Alfred Jones (the Regional Medical Director) retaliated against him for seeking medical and orthopedic services, by assessing a $5.00 co-payment charge for medical services.

In the body of the complaint (although not in the caption), Plaintiff also names Peggy Lee, the R.N. Supervisor of the institution. Neither she nor Alfred Jones have been served.

Attached to the complaint are numerous exhibits purporting to show exhaustion of administrative remedies as to the above Defendants and claims.

### III.   CMS's MOTION TO DISMISS FOR FAILURE TO EXHAUST [Docket #12]

#### A.   The Exhaustion Requirement

##### 1.   General Principles

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983. . .by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001).

In *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), the Sixth Circuit held that a prisoner-plaintiff bears the burden of demonstrating exhaustion in § 1983 cases, and must provide documentation showing exhaustion. To satisfy the exhaustion requirement, an administrative grievance must be factually specific as to both the person and the acts complained of. If a particular defendant has not been specifically named in a grievance, the claim as to that defendant has not been exhausted. In *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001), the Sixth Circuit adopted a bright line rule that a grievance must specifically name the person who is ultimately sued. In reaching its conclusion, *Curry* relied in part on *Freeman v. Francis, supra* at 644, where the Court stated that "the importance of using the prison grievance process [is] to alert prison officials to problems."

Exhaustion under § 1997a requires an inmate to complete all levels of the administrative review process before filing an action in federal court. *See Freeman*, 196 F.3d at 645. A prisoner "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Conversely, an inmate has not properly exhausted a claim against a prison official "if the first allegation of mistreatment or misconduct on the part of that official is made at Step II or Step III of the grievance process...." *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

In *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. 2005), the Sixth Circuit adopted a total exhaustion rule requiring dismissal of a complaint where the plaintiff has demonstrated exhaustion with respect to some but not all of his/her claims:

"We adopt the total exhaustion rule, in large part, because the plain language

of the statute dictates such a result. Section 1997e(a) states that no 'action' shall be brought in federal court until administrative remedies have been exhausted. However, in subsection (c), the statute allows district courts to dismiss frivolous "actions" *or* 'claims.' 42 U.S.C. § 1997e(c)(1) & (2). Congress's use of the word 'claims' in subsection (c)(2) indicates that 'claims' are individual allegations and 'actions' are entire lawsuits."

*Jones-Bey* described two options available to a prisoner whose mixed complaint was dismissed: (1) wait until all claims are exhausted and re-file the action at that time, or (2) "simply institute an action with only the exhausted claims." *Id.*, 808.

### 2. The MDOC Grievance Procedure

The MDOC provides prison inmates a detailed procedure for bringing forward complaints, which is set forth at MDOC Policy Directive (PD) 03.02.130. This grievance procedure consists of four acts an inmate must undertake prior to seeking judicial review, each with specific time limits. First, within two business days after becoming aware of a grievable issue, the inmate must attempt to verbally resolve the dispute with those involved. If such an attempt is not possible, or if it is unsuccessful, the inmate must then file a Step I grievance form within five days. The prison staff is required to respond in writing within 15 days, unless an extension is granted by the grievant. If the inmate is not satisfied with the response, he must request a Step II appeal form within five days, and has an additional five days to file it.

If the inmate is dissatisfied with the result at Step II, he or she has ten business days to appeal to Step III. The Step III appeal is handled by the MDOC Director or his designee at the Prisoner Affairs Section, Office of Program Services, in Lansing, Michigan. The Step

III response concludes the standard administrative process. However, the Policy Directive also provides that in special cases, such as where an inmate alleges racial discrimination or staff brutality or corruption, an inmate may file a grievance directly to Step III. Upon receipt of a grievance filed directly at Step III, the Prisoner Affairs Section will either respond directly to the grievance, request an investigation, or return the grievance to the inmate with instructions to file it at Step I and follow the complete appeal procedure.

### 3.  Application to Plaintiff's Case

#### a.  Grievances containing Step III responses

Of the many grievance documents Plaintiff has submitted, only two grievances contain Step III grievance responses. Grievance No. SMT 04-04-00587-01z deals with a discrepancy in Plaintiff's prisoner account, and has no obvious relationship to the allegations in the complaint. In addition, this grievance does not name any Defendant, and Plaintiff has not submitted the Step I grievance documentation which might have supplied that information.

Grievance No. SMT 04-05-00772-12z deals with whether Plaintiff was responsible for a medical co-payment, an issue arguably relevant to his retaliation claim. However, although it was appealed through Step III, the grievance does not name any Defendant.

Because neither of these grievances name any Defendant or state what a Defendant did, they do not satisfy the exhaustion requirement. *Curry v. Scott, supra*.

#### B.  Grievances dealing with medical treatment

There are several deficiencies in the grievance documentation relating to Plaintiff's

Eighth Amendment deliberate indifference claim. In SMT 2004-05-0735-28c, Plaintiff complained of both lack of medical treatment and retaliation. In a lengthy narrative at Step I, he names a medical staffer named "Thomas," Savi Kalani, and the SMT Medical Staff. He also mentions Dr. Mathei, but does not say what he did, other than that apparently the Medical Staff would not arrange a consultation with him.

Even if this grievance were construed to implicate MDOC and/or CMS, the Plaintiff has not provided sufficient documentation to show that it was in fact appealed through Step III. Although he has written "reasons for appealing to Step III" on the Step II Response form, he has not provided the Step III response itself, nor any other proof that his Step III appeal was actually received. Addressing this issue in *Williams v. McGinnis*, 192 F.Supp.2d 757, 763 (E.D. Mich. 2002), the court stated:

> "Here, Williams has provided proof of Step I and II grievances, but no proof that they were received. Williams offers a possible explanation for this lack of documentation, but his word is not sufficient evidence to create a material issue of fact. Further, there is no evidence that Williams submitted the proper form for the Step III appeal. Though he did send a letter to the Step III agency, a letter is not the same as a grievance appeal, and the letter itself does not make clear which grievance (Duggan or Baerwalde) that Williams was pursuing. This court is not unsympathetic to the plausible frustrations that Williams may have faced during the grievance process, but he has simply not provided evidence sufficient to create a genuine issue of material fact as to administrative exhaustion, as he must do. Therefore, this court will grant Defendant Duggan's motion for summary judgment on the ground of lack of administrative exhaustion."

Likewise in this case, Plaintiff has not provided sufficient documentation to

demonstrate exhaustion through the final administrative appeal. *Hartsfield v. Vidor, supra*.[3]

In SMT 04-05-00783-12-D1, dealing with not being provided orthopedically corrective shoes, Plaintiff names a "SMT Nurse" and Dr. Voulgaris at Step I. As with the previous grievance, there is no Step III response. In addition in his "reason for appeal to Step III" statement, he names Alfred Jones, not Dr. Voulgaris. Thus, even if it were assumed that a Step III appeal were submitted, Plaintiff did not exhaust Defendant Voulgaris through all three steps. *Hartsfield v. Vidor, supra*. What is more, he failed to name Jones at Step I or Step II. *Burton v. Jones, supra*.

In SMT 03-07-030-381-2I, Plaintiff names SMT Nurse and SMS Health Service at Step II, but again, there is no Step III response. JCS 0202-267-12d-I targets an unnamed "Medical Staff member," which is insufficient under *Curry v. Scott*, and in addition, Plaintiff has submitted only the Step I response.

### c. Grievances dealing with retaliation

Most of the retaliation grievances are directed at Alfred Jones, whom Plaintiff identifies as the Regional Medical Director. These grievances are: (1) SMT 04-07-00945-28z; (2) SMT 2004-05-0782-12D1; (3) SMT 04-07-00936-28C; (4) SMT 04-07-0096-8-11A; and (5) SMT 2004-05-0735-28C. None of the documentation of these grievances contains

---

[3]Plaintiff has not shown that he was somehow prevented from appealing through Step III, nor does he make that claim. His grievances against Alfred Jones (discussed *infra*) deal with what he claims was the untimely processing of his Step II grievances. That was resolved, in that he has submitted numerous Step II Responses, which contain specific directions on filing a Step III appeal. Furthermore, Plaintiff *has* filed two Step III responses in other grievances, as discussed above.

a Step III response.  In addition, number (5) first names Defendant Jones at Step III, which is insufficient to show exhaustion.  *Burton v. Jones, supra.*

If any one of the claims or Defendants in this complaint were insufficiently exhausted, the entire complaint would be subject to dismissal under the total exhaustion rule of *Jones-Bey, supra*.  However, as discussed above, Plaintiff has not adequately demonstrated exhaustion as to *any* of the Defendants or claims.  Therefore, pursuant to 42. U.S.C. §1997e(a), the complaint must be dismissed without prejudice.

### IV.   MDOC's MOTION TO DISMISS [Docket #14]

In its Motion to Dismiss, the MDOC asserts Eleventh Amendment immunity.  Unless expressly waived, a state and its agencies, including state Departments of Corrections, are immune from claims for damages and injunctive relief that are brought in federal court. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978)(per curiam); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-102, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).  Section 1983 does not abrogate Eleventh Amendment immunity, *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986), and the State of Michigan has not waived sovereign immunity, *see Abick v. State of Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Accordingly, the MDOC, as a State of Michigan agency, is immune from suit, and must be dismissed with prejudice.

### V.   MOTIONS TO DISMISS FOR FAILURE TO PROSECUTE
### [Docket Nos. 19 and 20]

This complaint must be dismissed on the grounds set forth in sections IV and V,

-9-

*supra*. Therefore, the Motions to Dismiss for Failure to Prosecute may themselves be dismissed as moot.

## VI.   CONCLUSION

I recommend that Defendant CMS's Motion to Dismiss [Docket #12] be GRANTED, and the entire complaint DISMISSED WITHOUT PREJUDICE pursuant to 42 U.S.C. §1997e(a).

I further recommend that Defendant MDOC's Motion to Dismiss [Docket #14] be GRANTED, and the complaint against it be DISMISSED WITH PREJUDICE on grounds of Eleventh Amendment immunity.

Finally, I recommend that the two Motions to Dismiss for Failure to Prosecute [Docket #s 19 and 20] be DISMISSED AS MOOT.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 7, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 7, 2006.

S/G. Wilson
Judicial Assistant