UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES M. COBB,

       Plaintiff,                      Case No. 04-74400

v.                                     District Judge Avern Cohn
                                          Magistrate Judge R. Steven Whalen

CORRECTIONAL MEDICAL
SERVICES (CMS), DEPARTMENT
OF CORRECTIONS (MDOC), et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On November 22, 2004, Plaintiff Charles Cobb, a prison inmate in the custody of the Michigan Department of Corrections (MDOC), filed a *pro se* civil rights complaint under 42 U.S.C. §1983. He also requests a temporary restraining order (TRO) [Docket #3],[1] asking that he immediately be provided with certain medical services, including reconstructive surgery on his foot. This is, in effect, a dispositive motion which must be disposed of by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). I recommend that Plaintiff's Motion for TRO be DENIED.

      **I.    STANDARDS FOR GRANTING INJUNCTIVE RELIEF**

---

[1] The request for a TRO is contained within the Complaint.

-1-

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet, supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than

-2-

the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

## II.   ANALYSIS

The two predominant factors in assessing a motion for injunctive relief–likelihood of success on the merits and irreparable harm–weigh overwhelmingly against granting the Plaintiff's motion

As to likelihood of success, on February 7, 2006, I filed a Report and Recommendation (R&R) that the Complaint be dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. §1997e(a) [Docket #22]. As discussed in the R&R, Plaintiff has failed to meet his burden of showing exhaustion as to any claim, and therefore the dismissal of the Complaint is mandatory. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998); *Jones-Bey v. Johnson,* 407 F.3d 801 (6th Cir. 2005). Plaintiff cannot possibly succeed on the merits, because the Court cannot even consider the merits.

In addition, Plaintiff has not shown that he will suffer irreparable harm if reconstructive surgery is not provided. The medical information Plaintiff has submitted with his Complaint shows that his foot condition is being treated conservatively, and does not support his belief that immediate surgery is essential. Even assuming that the medical treatment he requests would be of some benefit to him, it is not at all apparent

that his condition would worsen absent immediate surgery. Essentially, the Plaintiff is asking this Court to make a medical judgment contrary to his treating doctors.

Given the impossibility of Plaintiff's success on the merits, and the lack of showing of irreparable harm, it is not necessary to discuss the other two factors–substantial harm to others and the public interest. *See Gonzales, supra*. Plaintiff has not met his substantial burden of showing entitlement to the extraordinary remedy of injunctive relief, and therefore his motion should be denied.

### III.   CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for TRO [Docket #3], contained in his Complaint, be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                    s/R. Steven Whalen
                                    R. STEVEN WHALEN
                                    UNITED STATES MAGISTRATE JUDGE

Dated: February 14, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 14, 2006.

                                    s/Susan Jefferson
                                    Case Manager